**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THERABODY, INC.,**
a Delaware corporation,                                       CASE NO:

                              Plaintiff,                    JUDGE:

    v.


**GREAT DISCOUNTS, LLC, D/B/A**
**CHAMPION VENDORS,**
a Delaware limited liability company;
**MICHAEL DANHOUR**,

                              Defendants.
_____/


**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff Therabody, Inc. ("***Plaintiff***"), by and through counsel, for its Complaint against Defendants Great Discounts, LLC, d/b/a Champion Vendors ("***Champion Vendors***") and Michael Danhour ("***Mr. Danhour***") (together with Champion Vendors, "***Defendants***"), states as follows:

**INTRODUCTION**

1.      Defendants are engaged in the unauthorized sale of materially different products under Plaintiff's brand name and using Plaintiff's trademarks.

2.      As a result of Defendants' unauthorized sales, Defendants are harming consumers and Plaintiff's business relationships, deceiving and misleading the consuming public, and violating Plaintiff's rights in its proprietary intellectual property.

3.      These unauthorized sales and infringing activities are illegal and have harmed, and will continue to harm, Plaintiff.

## PARTIES

4.      Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business in California.

5.      Plaintiff designs, manufactures, and sells high-end percussive massage devices, wellness products, and accessories (collectively, the "**Products**").

6.      Champion Vendors is a limited liability company purportedly formed under the laws of the State of Delaware with its principal place of business in Orlando, Florida.

7.      Mr. Danhour is an individual residing in Jacksonville, Florida, and is, upon information and belief, a member of Champion Vendors.

8.      Plaintiff understands that Defendants fail to observe corporate formalities, and fail to maintain an arms-length relationship among themselves and related or affiliated entities or persons.

9.      Plaintiff further understands that Mr. Danhour utilizes additional entities to sell the Products without Plaintiff's authorization and in violation of Plaintiff's rights in its intellectual property.

10.     Plaintiff understands that Champion Vendors and these additional entities are mere facades for the operation of their dominant owner, Mr. Danhour.

11.     Defendants sell the Products, without Plaintiff's authorization or consent, as a third-party seller on Amazon.com, Inc.'s ("**Amazon**") United States e-commerce platform (the "**Amazon Marketplace**") at the unique Amazon Marketplace storefront "Champion Vendors" found here: https://www.amazon.com/sp?ie=UTF8&seller=A2U865CG3AKGP3 (the "**Storefront**").

12.     Defendants are selling the Products and using Plaintiff's proprietary intellectual property in connection with such sales without Plaintiff's authorization or consent.

2

## JURISDICTION AND VENUE

13.     This Court has original subject matter jurisdiction over Plaintiff's trademark claims pursuant to 28 U.S.C. § 1338(a).

14.     This Court also has original subject matter jurisdiction over Plaintiff's unfair competition claims, pursuant to 28 U.S.C. § 1338(b) because they are joined with Plaintiff's substantial and related trademark claims.

15.     Pursuant to 28 U.S.C. § 1367, the Court has supplemental subject matter jurisdiction over Plaintiff's remaining claims because they form part of the same case or controversy as Plaintiff's trademark and unfair competition claims.

16.     This Court has general personal jurisdiction over Defendants because Defendants are physically located, maintain offices, and conduct business within the State of Florida.

17.     Defendants are subject to the Court's jurisdiction pursuant to Florida Statutes, § 48.193 because, *inter alia*, Defendants engage in and conduct business in the State of Florida.

18.     Defendants are subject to the specific personal jurisdiction of this Court because Defendants have sufficient minimal contacts with the State of Florida with respect to the subject matter of this action to satisfy Constitutional due process. As a result of Defendants' business activities directed to the State of Florida, Defendants could reasonably anticipate being brought into court in this forum.

19.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside or conduct business within this District and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## BACKGROUND

### *Plaintiff's Business*

20.     Plaintiff sells the Products bearing various trademarks validly registered with the United States Patent and Trademark Office, including Registration Numbers 52133141, 6206626, 6218258, 6126363, 6060204, 6126362, 6126360, 6030995, 6043917, 6081408, 6043891, 6120156, 6149774, 6120853 (collectively, the "***Trademarks***" and each, a "***Trademark***"), which are identified in the attached **Exhibit A**.

21.     Plaintiff sells the Products on the internet and through interstate commerce.

22.     Plaintiff has spent significant resources to develop, market, and protect the Trademarks.

23.     Plaintiff sells the Products on its United States website (https://www.therabody.com/us/en-us/home) (the "***Website***"), through select online retailers, on the Amazon Marketplace, and in traditional brick-and-mortar establishments.

24.     Plaintiff also sells to and through certain wholesalers and authorized resellers (each, an "***Authorized Reseller***" and collectively, the "***Authorized Resellers***").

25.     Plaintiff strives to ensure that consumers of its Products are receiving authentic Products from either Plaintiff itself or one of its reputable Authorized Resellers.

26.     As a result of these actions, Plaintiff has become an industry leader in the market, and the Products are synonymous with high-end, top-quality percussive massage devices.

### *The Growth of E-Commerce*

27.     The explosion of e-commerce websites, particularly the Amazon Marketplace, has created problems and challenges for manufacturers, brands, and authorized resellers, including

Plaintiff.

28.     Plaintiff and other businesses must ensure that products sold are genuine, defect free, and come with all warranties in order to maintain, and continue building, their valuable goodwill and reputation.

29.     In this e-commerce age, unauthorized resellers can obtain products from a variety of sources and then sell products anonymously online.

30.     Many times, the products sold by unauthorized resellers may be materially different than those sold by the brand or authorized resellers.

31.     Specifically, unauthorized resellers may sell products without warranties, of an inferior quality, that are defective, and in violation of a business's rights in its intellectual property.

32.     Indeed, on the Amazon Marketplace, all sales of a particular product are sold under a unique Amazon Standard Identification Number ("*ASIN*") such that consumers do not know whether a product is sold by an unauthorized reseller or a legitimate reseller.

33.     Because the unauthorized resellers are able to sell without disclosing their identity, manufacturers and brands experience challenges in communicating with the unauthorized resellers to alert them of material differences.

34.     Ultimately, consumers are harmed as they unknowingly buy a materially different product compared to a legitimate product from the manufacturer.

### ***Plaintiff's Warranty Policy***

35.     Plaintiff and its Authorized Resellers offer consumers an industry-leading warranty for the Products (the "***Warranty***").

36.     The Warranty is attached as **Exhibit B** and can be found online. *See* THERABODY, *Therabody Warranty* https://www.therabody.com/us/en-us/warranty-support/.

37.     Defendants cannot offer their customers the Warranty.

38.     The Warranty makes clear that it is only given "to the individual purchaser of products *from Therabody or its authorized retailers and distributors*" (emphasis added). *Id.*

39.     To obtain the Warranty protection, consumers must provide, among other things, proof of purchase of the Product. *Id.*

40.     Plaintiff has taken further steps to notify the consuming public that only Products sold by Plaintiff or its Authorized Resellers come with the Warranty.

41.     Indeed, the Website contains an entire page warning consumers of the potential pitfalls in purchasing from unauthorized resellers such as Defendant. *See* THERABODY, *Unauthorized Retailers*, https://www.therabody.com/us/en-us/therabody-unauthorized-retailers/

42.     Plaintiff specifically states:

The Therabody Limited Warranty is only honored for Therabody Products purchased directly from Therabody or one of its authorized retailers. Sometimes Therabody Products are sold by unauthorized retailers. These goods are often not purchased from Therabody or from an authorized distributor. Instead they are acquired from a host of other sources without our authorization. Due to the nature of the goods sold by unauthorized dealers and their business practices, products sold by unauthorized dealers are not entitled to the benefits of the Therabody Limited Warranty. Therabody products sold by unauthorized dealers may be purchased on a secondary "gray" market and can be pirated goods not produced by Therabody, damaged, defective, refurbished, stolen and/or even counterfeit. *Id.*

43.     Plaintiff has gone to great lengths to inform consumers about the issues associated with buying Products from Unauthorized Resellers; however, the nature of the Amazon Marketplace (as described above) allows Defendants to sell the Products to unsuspecting consumers who believe they are receiving a genuine Product, when in fact it is materially different from Products sold by Plaintiff or its Authorized Resellers.

6

44.     The nature of the Amazon Marketplace further allows Mr. Danhour to utilize entities such as Champion Vendors and other affiliates to carry out his business of unauthorized sales and intellectual property infringement.

45.     Plaintiff implemented its Warranty to protect its brand, goodwill, and valuable intellectual property, to maintain the integrity of its Products, and ultimately to protect and for the benefit of consumers.

46.     However, Plaintiff simply cannot warrant Products of an unknown origin.

47.     Unauthorized resellers will sell used, damaged, returned, repackaged, resealed, counterfeit, or knock-off Products as new, and because these sales are all without Plaintiff's knowledge or consent, Plaintiff has no way to verify the legitimacy of the Products.

48.     Similarly, Plaintiff cannot verify the source, authenticity, or legitimacy of Products sold by Defendants, and therefore Plaintiff cannot warrant such Products.

49.     As a result, all Products sold by Defendants are materially different from Products sold by Plaintiff as the Products sold by Defendants do not come with the Warranty.

50.     Additionally, Amazon requires that any goods sold as "New" come with the "Original manufacturer's warranty, if any." *See* AMAZON, *Marketplace Items Condition Guidelines,* (https://www.amazon.com/gp/help/customer/display.html?nodeId=201889720).

51.     Defendants list the Products for sale as "New," under the Product's unique ASIN, but without Plaintiff's Warranty.

52.      Unwitting consumers are then deceived into purchasing products that are materially different from the Products.

### *Authorized Reseller Contracts*

53.     When Plaintiff sells to Authorized Resellers, Plaintiff enters into contracts with the Authorized Reseller ("***Reseller Agreements***").

54.     Authorized Resellers may only sell the Products pursuant to a Reseller Agreement.

55.     Each Authorized Reseller agrees to be bound by Plaintiff's terms and conditions (the "***Terms and Conditions***").

56.     Plaintiff uses Reseller Agreements and the Terms and Conditions in order to promote fair competition between Authorized Resellers and to protect its brand, its goodwill, and its valuable intellectual property, including its proprietary images, designs, and the Trademarks.

57.     The Terms and Conditions limit Authorized Resellers' use of the Trademarks to avoid brand dilution, tarnishment, and confusion as to the origin of the Products.

58.     The Terms and Conditions also prohibit any Authorized Reseller from selling or otherwise distributing the Products to other resellers, such as Defendants.

59.     Upon information and belief, Defendants have purchased some of their inventory of Products from an Authorized Reseller.

60.     Additionally, the Terms and Conditions establish a uniform pricing policy amongst Authorized Resellers, grant a limited license for use of Plaintiff's proprietary intellectual property, including the Trademarks, and ensure that Authorized Resellers are not disparaging Plaintiff's brand or using deceptive tactics in advertising the Products, among other things.

61.     The Terms and Conditions also specify that the Warranty associated with the Products are only valid through the Authorized Resellers and place certain restrictions upon issuing the Warranty.

62.     Further, in order to protect consumers, the Terms and Conditions require Authorized Resellers to "establish and implement an effective standard operating procedure for the urgent recall of the Products from the market, in accordance with applicable laws and guidelines."

### ***Defendants Sell the Products on the Amazon Marketplace Without Authorization***

63.     Since at least September 2020, Plaintiff has been aware of Defendants' unauthorized sale of materially different Products, which infringe on Plaintiff's Trademarks and tarnish its brand.

64.     The Products sold by Defendants are materially different from those sold by Plaintiff or Plaintiff's Authorized Resellers because Products sold by Defendants come from an unknown origin and do not come with the Warranty.

65.      Plaintiff cannot honor warranty claims from Defendants' customers related to the Products because of Defendants' status as an unauthorized reseller.

66.     Further, Defendants are not obligated to abide by requirements set forth in the Terms and Conditions such as avoiding deceptive marketing practices and assisting with products recalls, which means Products sold by Defendants come with an inferior suite of services than Products sold by Plaintiff or its Authorized Resellers.

67.      Defendants are infringing on Plaintiff's rights when they sell Products as genuine when, in fact, the Products sold are materially different.

68.     Proof of Defendants' sale of the Products is attached as **Exhibit C**.

69.     Plaintiff sent multiple cease-and-desist letters to Defendants, notifying Defendants of their unauthorized sales and their violation of Plaintiff's rights in the Trademarks, and demanding Defendants cease sales of the Products.

70.     Plaintiff sent the first cease-and-desist letter on September 9, 2020, and the second cease-and-desist letter on September 25, 2020. Both of these letters notified Defendants of Plaintiff's rights in the Trademarks and requested that Defendants cease selling the Products without Plaintiff's authorization or consent.

71.      The most recent cease-and-desist letter was sent on February 23, 2022, via email, first class mail, and through the Amazon Marketplace and is attached as **Exhibit D** (the "*Letter*").

72.     The Letter put Defendants on notice of Plaintiff's claims and requested that Defendants cease such conduct immediately.

73.     In the Letter, Plaintiff requested that Defendants confirm in writing by February 25, 2022, that they would cease selling the Products without authorization in violation of Plaintiff's policies and rights in the Trademarks.

74.     Defendants failed to respond to the Letter whatsoever (or any previous letter sent to Defendants).

75.     As of the date of this filing, Defendants have not agreed to cease and desist from selling the Products and infringing upon Plaintiff's rights in the Trademarks.

76.     Evidence of Defendants' continued sales is set forth on **Exhibit E**.

77.     Defendants' unauthorized sales and violations of Plaintiff's rights in the Trademarks harm Plaintiff and its Authorized Resellers and misleads consumers.

78.     Accordingly, Plaintiff initiated this action.

## COUNT I
## DECLARATORY JUDGMENT/INJUNCTIVE RELIEF

79.     Plaintiff incorporates paragraphs 1 through 78 as if fully restated herein.

80.     An actual and justiciable controversy exists between Plaintiff and Defendants related to whether Defendants have the right to sell the Products without Plaintiff's consent and in violation of Plaintiff's rights in the Trademarks.

81.     The Court, pursuant to Florida Statutes, § 86.011 *et seq.*, 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, should declare that Defendants have no right or authorization to sell the Products, or use the Trademarks, as these actions have harmed and continue to harm Plaintiff in an amount to be determined at trial.

82.     The Court should further declare that the Letter gave Defendants actual notice that it was not authorized to use the Trademarks, and any continued use of the Trademarks or unauthorized sales of the Products constitutes willful violations of Plaintiff's rights in the Trademarks.

83.     Such a declaration is proper, pursuant to Florida Statutes, § 86.021 and 28 U.S.C. § 2201, because the declaration would terminate the actual and justiciable controversy between Plaintiff and Defendants and remove any uncertainty with respect to this issue.

84.     Additionally, the Court should enjoin Defendants from any further sales of the Products and use of the Trademarks.

## COUNT II
## COMMON LAW UNFAIR COMPETITION

85.     Plaintiff incorporates paragraphs 1 through 78 as if fully restated herein.

86.     Defendants' actions, including, but not limited to, their unauthorized sale of the Products and their unauthorized use of the Trademarks, constitute unfair competition.

87.     Defendants' actions have damaged Plaintiff in the form of, *inter alia*, lost sales, interference with current and prospective business relationships, trademark infringement, trademark dilution, and tarnishment of Plaintiff's brand, goodwill, and reputation.

88.     As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT III**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**

89.     Plaintiff incorporates paragraphs 1 through 78 as if fully restated herein.

90.     The Reseller Agreements are valid binding contracts between Plaintiff and each Authorized Reseller.

91.     The Terms and Conditions are valid binding contracts between Plaintiff and each Authorized Reseller.

92.     Plaintiff has legal rights under the Reseller Agreements and Terms and Conditions.

93.     The Terms and Conditions prohibit Authorized Resellers from selling to resellers such as Defendant.

94.     Upon information and belief, Defendants purchase some of its inventory of Products from Authorized Resellers in violation of the Terms and Conditions.

95.     At least since receiving the Letter, Defendants have been aware of these contracts and Defendants' interference with Plaintiff's Authorized Resellers and interference with the Terms and Conditions.

96.     Despite this knowledge, Defendants sold the Products on the Amazon Marketplace, which, *inter alia*, harmed Plaintiff's relationships with its Authorized Resellers and future Authorized Resellers.

97.     Defendants improperly interfered with Plaintiff's relationships with its Authorized Resellers.

98.     As a direct and proximate cause of Defendants' interference, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

12

## COUNT IV
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

99.     Plaintiff incorporates paragraphs 1 through 78 as if fully restated herein.

100.    Plaintiff is the owner of the Trademarks.

101.    The Trademarks are valid and subsisting marks, in full force and effect, and registered with the United States Patent and Trademark Office.

102.    Defendants use the Trademarks in connection with its sale of the Products without Plaintiff's authorization or consent.

103.    The Products sold by Defendants bearing the Trademarks do not come with Plaintiff's Warranty, and upon information and belief, Defendants do not abide by Plaintiff's resale procedures outlined in the Terms and Conditions.

104.    Because the Products sold by Defendants do not have the Warranty and are not sold pursuant to the resale procedures outlined in the Terms and Conditions, these Products are not genuine and are materially different from Products sold by Plaintiff or Authorized Resellers.

105.    Defendants' unauthorized sale of the Products bearing the Trademarks has infringed on, and damages the value of, the Trademarks.

106.    Defendants' use of the Trademarks is likely to cause confusion, cause mistake, or deceive customers because it suggests that the Products sold by Defendants come with the Warranty and the same suite of services as Products sold by Plaintiff or Authorized Resellers, when, in fact, they do not.

107.    Confusion is more likely given that Defendants list the Products as "New" despite it being a violation of Amazon's Marketplace Items Condition Guidelines to list an item as "New" when it does not come with the manufacturer's warranty as is the case with Defendants' sale of the Products.

108.    Defendants' use of the Trademarks is likely to cause confusion, cause mistake, or deceive customers because it suggests that the Products are sponsored by or authorized for sale by Plaintiff, when, in fact, they are not.

109.    Plaintiff informed Defendants that their sales of the Products infringed on Plaintiff's rights in the Trademarks.

110.    As a direct and proximate result of Defendants' continued sale of the Products bearing the Trademarks, Plaintiff has suffered and continues to suffer immediate and irreparable harm, including harm to the reputation and goodwill of its business and loss of profits in an amount to be proven at trial.

111.    Plaintiff is entitled to recover damages from Defendants' infringement and disgorgement of any profits from Defendants' infringing sales of the Products.

112.    Plaintiff is further entitled to injunctive relief pursuant to 15 U.S.C. §1116 and increased damages pursuant to 15 U.S.C § 1117(a) because Defendants' infringement of the Trademarks is willful.

## COUNT V
## UNFAIR COMPETITION (15 U.S.C. § 1125(A))

113.    Plaintiff incorporates paragraphs 1 through 78 as if fully restated herein.

114.    Plaintiff is the owner of the Trademarks.

115.    The Trademarks are valid and subsisting marks, in full force and effect, and registered with the United States Patent and Trademark Office.

116.    Defendants use the Trademarks in connection with their sale of the Products without Plaintiff's authorization or consent.

117.    The Products sold by Defendants bearing the Trademarks do not come with Plaintiff's Warranty, and upon information and belief, Defendants do not abide by the resale requirements outlined in the Terms and Conditions.

118.    Because the Products sold by Defendants do not have the Warranty and are not sold in accordance with the resale requirements outlined in the Terms and Conditions these Products are not genuine and are materially different from Products sold by Plaintiff or Authorized Resellers.

119.    Confusion is more likely given that Defendants list the Products as "New" despite it being a violation of Amazon's Marketplace Items Condition Guidelines to list an item as "New" when it does not come with the manufacturer's warranty as is the case with Defendants' sale of the Products.

120.    Defendants' use of the Trademarks is likely to cause confusion, cause mistake, or deceive customers because it suggests that the Products are sponsored by or authorized for sale by Plaintiff, when, in fact, they are not.

121.    Defendants' unauthorized sale of the Products bearing the Trademarks has infringed on and damages the value of the Trademarks.

122.    Plaintiff informed Defendants that their sales of the Products infringed on Plaintiff's rights in the Trademarks.

123.    As a direct and proximate result of Defendants' continued sale of the Products bearing the Trademarks, Plaintiff has suffered and continues to suffer immediate and irreparable harm, including harm to the reputation and goodwill of its business and loss of profits in an amount to be proven at trial.

124.     Plaintiff is entitled to recover damages from Defendants' infringement of the Trademarks and disgorgement of any profits from Defendants' infringing sales of the Products.

125.     Plaintiff is further entitled to injunctive relief pursuant to 15 U.S.C. §1116 and increased damages pursuant to 15 U.S.C § 1117(a) because Defendants' infringement of the Trademarks is willful.

## COUNT VI
## TRADEMARK DILUTION (15 U.S.C. § 1125(C))

126.     Plaintiff incorporates paragraphs 1 through 78 as if fully restated herein.

127.     Plaintiff is the owner of the Trademarks.

128.     The Trademarks are valid and subsisting marks, in full force and effect, and registered with the United States Patent and Trademark Office.

129.     Plaintiff has continuously used the Trademarks in commerce and has spent considerable sums in time and money to promote and advertise its Products using the Trademarks.

130.     Plaintiff sells the Products bearing the Trademarks throughout the United States.

131.     Customers have come to associate the Trademarks with Plaintiff and the Products.

132.     Customers associate the Trademarks with high-end, top quality percussive massage devices.

133.     Defendants are using the Trademarks in connection with the sale of the Products.

134.     However, the Products sold by Defendants are materially different from genuine Products sold by Plaintiff because Defendants' products do not come with the Warranty and upon information and belief, are not sold in accordance with the resale requirements set forth in the Terms and Conditions.

135.    Because Defendants are selling an inferior product, Defendants' use of the Trademarks is causing the dilution of the Trademarks by blurring and tarnishing the reputation and goodwill associated with the Trademarks in violation of 15 U.S.C. § 1125(c).

136.    As a direct and proximate result of Defendants' continued sale of the Products bearing the Trademarks, Plaintiff has suffered and continues to suffer immediate and irreparable harm, including harm to the reputation and goodwill of its business and loss of profits in an amount to be proven at trial.

137.    Plaintiff is entitled to recover damages from Defendants' infringement of the Trademarks and disgorgement of any profits from Defendants' infringing sales of the Products.

138.    Plaintiff is further entitled to injunctive relief pursuant to 15 U.S.C. §1116 and increased damages pursuant to 15 U.S.C § 1117(a) because Defendants' infringement of the Trademarks is willful.

## COUNT VII
## TRADEMARK DILUTION (FLORIDA STATUTES, § 495.151)

139.    Plaintiff incorporates paragraphs 1 through 78 as if fully restated herein.

140.    Plaintiff is the owner of the Trademarks.

141.    The Trademarks are valid and subsisting marks, in full force and effect, and registered with the United States Patent and Trademark Office.

142.    Plaintiff has continuously used the Trademarks in commerce and has spent considerable sums in time and money to promote and advertise its Products using the Trademarks.

143.    Plaintiff sells the Products bearing the Trademarks throughout the United States.

144.    Customers have come to associate the Trademarks with Plaintiff and the Products.

145.    Customers associate the Trademarks with high-end, top quality percussive massage devices.

146.    Defendants are using the Trademarks in connection with the sale of the Products.

147.    However, the Products sold by Defendants are materially different from genuine Products sold by Plaintiff because Defendants' products do not come with the Warranty and upon information and belief, are not sold in accordance with the resale requirements set forth in the Terms and Conditions.

148.    Because Defendants are selling an inferior product, Defendants' use of the Trademarks is causing the dilution of the Trademarks by blurring and tarnishing the reputation and goodwill associated with the Trademarks in violation of Florida Statutes, § 495.151.

149.    As a direct and proximate result of Defendants' continued sale of the Products bearing the Trademarks, Plaintiff has suffered and continues to suffer immediate and irreparable harm, including harm to Plaintiff's business reputation and goodwill.

**COUNT VIII**
**TRADEMARK INFRINGEMENT (FLORIDA STATUTES, § 495.181)**

150.    Plaintiff incorporates paragraphs 1 through 78 as if fully restated herein.

151.    Plaintiff is the owner of the Trademarks.

152.    The Trademarks are valid and subsisting marks, in full force and effect, and registered with the United States Patent and Trademark Office.

153.    Defendants use the Trademarks in connection with its sale of the Products in the State of Florida without Plaintiff's authorization or consent.

154.    The Products sold by Defendants bearing the Trademarks do not come with Plaintiff's Warranty, and upon information and belief, Defendants do not abide by Plaintiff's resale procedures outlined in the Terms and Conditions.

155.    Because the Products sold by Defendants do not have the Warranty and are not sold pursuant to the resale procedures outlined in the Terms and Conditions these Products are not genuine and are materially different from Products sold by Plaintiff or Authorized Resellers.

156.    Defendants' unauthorized sale of the Products bearing the Trademarks has infringed on, and damages the value of, the Trademarks.

157.    Defendants' use of the Trademarks is likely to cause confusion, cause mistake, or deceive customers because it suggests that the Products sold by Defendants come with the Warranty and the same suite of services as Products sold by Plaintiff or Authorized Resellers, when, in fact, they do not.

158.    Confusion is more likely given that Defendants list the Products as "New" despite it being a violation of Amazon's Marketplace Items Condition Guidelines to list an item as "New" when it does not come with the manufacturer's warranty as is the case with Defendants' sale of the Products.

159.    Defendants' use of the Trademarks is likely to cause confusion, cause mistake, or deceive customers because it suggests that the Products are sponsored by or authorized for sale by Plaintiff, when, in fact, they are not.

160.    Plaintiff informed Defendants that their sales of the Products infringed on Plaintiff's rights in the Trademarks.

161.    As a direct and proximate result of Defendants' continued sale of the Products bearing the Trademarks, Plaintiff has suffered and continues to suffer immediate and irreparable harm, including harm to the reputation and goodwill of its business and loss of profits in an amount to be proven at trial.

162.     Plaintiff is entitled to recover damages from Defendants' infringement and disgorgement of any profits from Defendants' infringing sales of the Products.

163.     Plaintiff is further entitled to injunctive relief and increased damages pursuant to Florida Statutes, § 495.181.

## COUNT IX
## VIOLATION OF DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
## (FLORIDA STATUTE 501.201 *ET SEQ.*)

164.     Plaintiff incorporates paragraphs 1 through 78 as if fully restated herein.

165.     Plaintiff is the valid, registered owner of the Trademarks.

166.     Defendants were engaged in or are likely to engage in a deceptive act or unfair trade practice by, *inter alia*, selling the Products without Plaintiff's authorization or consent, in violation of Plaintiff's rights in the Trademarks, and with disregard for Plaintiff's Reseller Agreements and Terms and Conditions, in order to deceive and injure the consuming public, Plaintiff, and Plaintiff's Authorized Resellers.

167.     Defendants' activities also pose potential danger to the public health or safety.

168.     Defendants' conduct, as described above, has caused, and will continue to cause, actual damages to Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF AS TO ALL COUNTS

**WHEREFORE,** Plaintiff prays for judgment as follows:

A.     As to Count I, a declaratory judgment declaring that Defendants are not authorized to sell the Products and is willfully violating Plaintiff's rights in the Trademarks, and permanently enjoin Defendants from any further sales of the Products;

B.      As to Count II, awarding compensatory damages in an amount to be determined at trial, as well as attorneys' fees and costs, disgorging Defendants of their profits from all unauthorized sales of the Products, and permanently enjoining Defendants from using the Trademarks or selling or offering for sale the Products;

C.      As to Count III, awarding compensatory damages in an amount to be determined at trial, as well as attorneys' fees and costs, disgorging Defendants of their profits from all unauthorized sales of the Products, permanently enjoining Defendants from using the Trademarks or selling or offering for sale the Products, and permanently enjoining Defendants from interfering with Plaintiff's current and prospective relationships with its Authorized Resellers by further selling the Products;

D.      As to Count IV, awarding compensatory damages in an amount to be determined at trial, as well as attorneys' fees and costs, disgorging Defendants of their profits from all unauthorized sales of the Products, and permanently enjoining Defendants from using the Trademarks or selling or offering for sale the Products;

E.      As to Count V, awarding compensatory damages in an amount to be determined at trial, as well as attorneys' fees and costs, disgorging Defendants of their profits from all unauthorized sales of the Products, and permanently enjoining Defendants from using the Trademarks or selling or offering for sale the Products;

F.      As to Count VI, awarding compensatory damages in an amount to be determined at trial, as well as attorneys' fees and costs, disgorging Defendants of their profits from all unauthorized sales of the Products, and permanently enjoining Defendants from using the Trademarks or selling or offering for sale the Products;

G.      As to Count VII, awarding compensatory damages in an amount to be determined at trial, as well as attorneys' fees and costs, disgorging Defendants of their profits from all unauthorized sales of the Products, and permanently enjoining Defendants from using the Trademarks or selling or offering for sale the Products;

H.      As to Count VIII, awarding compensatory damages in an amount to be determined at trial, as well as attorneys' fees and costs, disgorging Defendants of their profits, and permanently enjoining Defendants from engaging in further acts of deceptive business acts and practices;

I.      As to Count IX, awarding compensatory damages in an amount to be determined at trial, as well as attorneys' fees and costs, disgorging Defendants of their profits, and permanently enjoining Defendants from engaging in further acts of deceptive business acts and practices; and

J.      Providing all other relief that this Court may find just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## [SIGNATURE ON SUBSEQUENT PAGE]

Respectfully submitted,

*/s/ Elio F. Martinez, Jr.*
ELIO F. MARTINEZ, JR.
Florida Bar No. 501158
elio.martinez@gray-robinson.com
ROBERT J. JIMENEZ
Florida Bar No. 72020
robert.jimenez@gray-robinson.com
**GRAYROBINSON, P.A.**
333 S.E. 2nd Avenue
Suite 3200
Miami, Florida 33131
Phone: 305-416-6880; Fax: 305-416-6887

*-and-*

ALEX E. JONES (*pro hac vice motion forthcoming*)
aej@kjk.com
KYLE D. STROUP (*pro hac vice motion forthcoming*)
kds@kjk.com
**KOHRMAN JACKSON & KRANTZ LLP**
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114
Phone: 216-696-8700; Fax: 216-621-6536

*Counsel for Plaintiff*
*Therabody, Inc.*